```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA

ELISHA R. WHITE,              )
                              )
          Plaintiff,          )
                              )
v.                            )     Case No. CIV-14-080-RAW-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
          Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Elisha R. White (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 16, 1976 and was 36 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade. Claimant has worked in the past as a kitchen aide and nurse's aide. Claimant alleges an inability to work beginning October 1, 2010 due to limitations resulting from abdominal pain and problems standing and walking.

**Procedural History**

On October 29, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 12, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Lantz McClain in Tulsa, Oklahoma. On November 16, 2012, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the decision on January 6, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly evaluate the medical opinion of the state agency physician who reviewed her medical record.

**Discussion of the Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of a history of cervical cancer with chemotherapy and radiation leaving Claimant with neuropathy of the lower extremities, history of knee pain, cirrhosis, and depression. (Tr. 12). The ALJ also found Claimant retained the RFC to perform sedentary work in that she could occasionally lift/carry 10 pounds and frequently lift/carry up to 10 pounds, stand/walk at least two hours in an eight hour workday, and sit for at least six hours in an eight hour workday. The ALJ also found Claimant could perform simple, repetitive tasks and relate to supervisors and co-workers only superficially. Claimant could not work with the general public. (Tr. 13-14). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of assembler, clerical mailer, and trimmer which he testified existed in sufficient numbers in the regional and national economies. (Tr. 18). Based upon this record, the ALJ determined Claimant was not disabled from October 1, 2010 through the date of the decision. (Tr. 19).

Claimant contends the ALJ failed to properly consider the opinions of the state agency reviewing physician, Dr. Phillip Massad. Dr. Massad completed a mental RFC assessment form on

5

Claimant dated April 19, 2011. He found Claimant was markedly limited in the functional areas of the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; and the ability to interact appropriately with the general public. (Tr. 677-78). In his assessment, Dr. Massad found Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation. (Tr. 679).

The ALJ recognized Dr. Massad's findings in his decision, including the various mild limitations. He also acknowledged the limitations in relating to the general public, performing simple tasks with routine supervision, relating to supervisors and peers superficially, and adapting to a work situation. He did not reference Dr. Massad's finding of a marked limitation in the ability to understand, remember, and carry out detailed instructions. (Tr. 17). The ALJ afforded Dr. Massad's and the other agency physicians' opinions "substantial weight" as being "well supported by the evidence of record." Id. He failed to explain the basis for accepting a portion of Dr. Massad's opinion while effectively rejecting another restriction.

The ALJ must evaluate every medical opinion in the record.

6

Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). The failure to include the additional restriction was not harmless since the ALJ identified jobs which Claimant could ostensibly perform with a reasoning level of R2 which requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Dictionary of Occupational Titles*, Appendix C. The additional limitation upon the ability to understand and carry out detailed instructions is in direct conflict with the requirements of R2 occupations. If the restriction on detailed instructions were excluded from Claimant's RFC, she would not be able to perform the identified jobs. On remand, the ALJ shall consider the limitation in the ability to understand and carry out detailed instructions found by Dr. Massad, include the limitation in his RFC assessment, or explain the basis for excluding the limitation.

## Conclusion

The decision of the Commissioner is not supported by

7

substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

    DATED this 20th day of July, 2015.

                                            KIMBERLY E. WEST
                                            UNITED STATES MAGISTRATE JUDGE